UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

GREGORY ALLEN WILLIAMSON
a/k/a "VLAD VLAD"

CASE NO. 8:21-cr-355-WFJ-CPT
18 U.S.C. § 2422(b)
18 U.S.C. § 2251(a)
18 U.S.C. § 2252(a)(2)
18 U.S.C. § 2252(a)(4)(B)

# INDICTMENT

The Grand Jury charges:

## COUNT ONE

From an unknown date but at least as early as on or about June 10, 2019, through on or about January 27, 2021, in the Middle District of Florida, and elsewhere, the defendant,

GREGORY ALLEN WILLIAMSON,
a/k/a "VLAD VLAD,"

using the mail, and using a facility and means of interstate commerce, that is, cellphones and the internet, did knowingly persuade, induce, entice, and coerce, and attempt to persuade, induce, entice, and coerce, an individual who had not attained the age of 18 years, D.A., to engage in any sexual activity for which any person could be charged with a criminal offense, including lewd or lascivious battery, in violation of Fla. Stat. § 800.04(4)(a) 1 and 2; engaging in an act which constitutes sexual battery upon a child (12 years or older but younger than 18 years) by a person with familial or custodial authority, in violation of Fla. Stat. § 794.011(8)(b); and

solicitation of a minor by computer services or devices, in violation of Fla. Stat. § 847.0135(3)(a).

In violation of 18 U.S.C. § 2422(b).

## COUNT TWO

On or about May 5, 2020, in the Middle District of Florida, and elsewhere, the defendant,

GREGORY ALLEN WILLIAMSON,
a/k/a "VLAD VLAD,"

did attempt to employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and knowing and having reason to know that such visual depiction would be transported and transmitted in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce, and the visual depiction was actually transported and transmitted in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT THREE

On or about May 26, 2020, in the Middle District of Florida, and elsewhere, the defendant,

GREGORY ALLEN WILLIAMSON,
a/k/a "VLAD VLAD,"

did employ, use, persuade, induce, entice, and coerce, and attempt to employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and knowing and having reason to know that such visual depiction would be transported and transmitted in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce, and the visual depiction was actually transported and transmitted in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT FOUR

On or about May 26, 2020, in the Middle District of Florida, and elsewhere, the defendant,

GREGORY ALLEN WILLIAMSON,
a/k/a "VLAD VLAD,"

did employ, use, persuade, induce, entice, and coerce, and attempt to employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and knowing and having reason to know that such visual depiction would be transported and transmitted in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce, and the visual depiction was actually transported and transmitted in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT FIVE

On or about January 16, 2020, in the Middle District of Florida, and elsewhere, the defendant,

GREGORY ALLEN WILLIAMSON,
a/k/a "VLAD VLAD,"

did knowingly distribute a visual depiction using any means and facility of interstate and foreign commerce, and that has been shipped and transported in and affecting interstate and foreign commerce, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## COUNT SIX

On or about February 5, 2020, in the Middle District of Florida, and elsewhere, the defendant,

GREGORY ALLEN WILLIAMSON,
a/k/a "VLAD VLAD,"

did knowingly distribute a visual depiction using any means and facility of interstate and foreign commerce, and that has been shipped and transported in and affecting interstate and foreign commerce, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## COUNT SEVEN

On or about September 8, 2020, in the Middle District of Florida, and elsewhere, the defendant,

GREGORY ALLEN WILLIAMSON,
a/k/a "VLAD VLAD,"

did knowingly distribute a visual depiction using any means and facility of interstate and foreign commerce, and that has been shipped and transported in and affecting interstate and foreign commerce, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## COUNT EIGHT

Beginning on an unknown date, but at least as early as 2006 and continuing up to and including January 27, 2021, in the Middle District of Florida, and elsewhere, the defendant,

GREGORY ALLEN WILLIAMSON,
a/k/a "VLAD VLAD,"

did knowingly possess a matter, which contained a visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, and that had been shipped and transported in and affecting interstate and foreign commerce, and that had been produced using materials which had been shipped and transported using any means and facility of interstate and foreign commerce, and that had been produced using materials that had been shipped and

transported in and affecting interstate and foreign commerce, by any means, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct, and the depiction involved a prepubescent minor and a minor who had not attained 12 years of age.

In violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

## FORFEITURE

1. The allegations contained in Counts One through Eight are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. §§ 2253 and 2428.

2. Upon conviction of a violation of 18 U.S.C. § 2422(b), the defendant,

GREGORY ALLEN WILLIAMSON,
a/k/a "VLAD VLAD,"

shall forfeit to the United States, pursuant to 18 U.S.C. § 2428:

    a. any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and

    b. any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation.

3. Upon conviction of a violation of 18 U.S.C. § 2251(a) and/or 18 U.S.C. § 2252(a), the defendant,

GREGORY ALLEN WILLIAMSON,
a/k/a "VLAD VLAD,"

shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

4. The property to be forfeited includes, but is not limited to, the following:

a. one Samsung Galaxy Note 8 mobile phone;

b. one Gateway Personal Computer, model ZX6970;

c. two USB charging plugs containing hidden cameras;

d. one Seagate 500 GB hard drive;

e. one Western Digital 500 GB hard drive; and

f. one Western Digital 1 TB hard drive.

5. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 2253(b) and 2461(c).

A TRUE BILL,

_____
Foreperson

KARIN HOPPMANN
Acting United States Attorney

By: _____
FRANCIS D. MURRAY
Assistant United States Attorney

By: _____
CARLTON C. GAMMONS
Assistant United States Attorney
Chief, Special Victims Section

FORM OBD-34
November 21

No. _____

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Tampa Division

THE UNITED STATES OF AMERICA

vs.

GREGORY ALLEN WILLIAMSON
a/k/a "VLAD VLAD"

## INDICTMENT

Violations: 18 U.S.C. § 2422(b), 18 U.S.C. § 2251(a)
18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252(a)(4)(B)

A true bill,

_____
Foreperson

Filed in open court this 3rd day

of November, 2021.

_____
Clerk

Bail $_____

GPO 863 525