UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:21-cr-355-WFJ-CPT

GREGORY ALLEN WILLIAMSON
_____/

**O R D E R**

Before the Court is Defendant Gregory Allen Williamson's *Motion for Use of Forensic Computer Consultant.* (Doc. 40). A hearing was held on the matter on March 22, 2022. For the reasons discussed below, Mr. Williamson's motion is granted.

I.

Mr. Williamson stands charged in an indictment with producing, possessing, and distributing child pornography, as well as enticing or coercing a minor to engage in sexual activity. (Doc. 1). Mr. Williamson was initially represented by an Assistant Federal Public Defender, who withdrew from the case at Mr. Williamson's request. (Docs. 30, 34). The Court then appointed attorney Gus Centrone pursuant to the Criminal Justice Act (CJA) to serve as Mr. Williamson's counsel. (Doc. 35).

By way of the instant motion, Mr. Williamson now seeks authorization to pay a computer forensics expert, Richard Connor of ESI Consulting, up to $2,500 to assist

him with his defense.[1]  (Doc. 40).  Mr. Williamson represents in his motion and reiterated at the March 22 hearing that Mr. Connor's services are necessary to analyze the contents of several electronic devices seized from Mr. Williamson, to help Mr. Williamson in determining any possible defenses, and potentially to have Mr. Connor testify at trial.  Mr. Centrone also advised at the hearing that, based on his ample experience as a defense attorney, he believes such services are required to provide Mr. Williamson with an adequate defense.  For its part, the government stated at the hearing that it does not object to Mr. Williamson's motion.

## II.

The CJA provides, in pertinent part:

> Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application.  Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

18 U.S.C. § 3006A(e)(1).

---

[1] Mr. Williamson represents in his motion that Mr. Connor charges $150/hour and that Mr. Connor estimates he will need roughly fifteen hours to perform the necessary work.  (Doc. 40).  Mr. Williamson stated at the March 22 hearing that he elected to ask for approval to expend $2,500 (which equates to slightly more than fifteen hours at the $150 hourly rate) in case Mr. Connor should require additional time to complete his work.

As reflected by the above language, a court may authorize expert services under the CJA if a defendant demonstrates that (1) he is financially unable to obtain such services, and (2) such services are "necessary for [his] adequate representation." *United States v. Hernandez*, 743 F.3d 812, 815 (11th Cir. 2014) (per curiam) (quoting 18 U.S.C. § 3006A(e)(3)).  Even if a defendant makes this showing, however, payment for such work is generally limited to $2,700 per expert.[2]  18 U.S.C. § 3006A(e)(1).

After careful consideration of the matter, the Court finds that Mr. Williamson's request to expend up to $2,500 for Mr. Connor's expert services is sufficiently supported.  To begin, Mr. Williamson is financially unable to secure the desired services and—as noted above—is represented by appointed counsel.  (Doc. 35). Moreover, for the reasons stated by Mr. Williamson in his motion and at the March 22 hearing, the sought-after work appears to be necessary to his defense.  18 U.S.C. § 3006A(e)(3).

III.

In light of the above, Mr. Williamson's *Motion for Use of Forensic Computer Consultant* (Doc. 40) is granted, and Mr. Williamson is authorized to expend up to $2,500 for Mr. Connor's services.

---

[2] The $2,700 sum takes into account the inflationary adjustments provided for under CJA Guideline § 310.20.10.

SO ORDERED in Tampa, Florida, this 24th day of March 2022.

*[Signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record