UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:21-cr-00355-WFJ-CPT

GREGORY WILLIAMSON

**UNITED STATES' MEMORANDUM OF LAW**

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, files this legal memorandum in response to this Court's order. Doc. 60. The Court presents the following topics: (a) the relevant case authority concerning whether Defendant had a reasonable expectation of privacy in his Yahoo account and, (b) the relevant case authority (including *United States v. Steiger*, 318 F.3d 1039 (11th Cir. 2003)) concerning when a private person becomes a government actor for Fourth Amendment purposes.

The United States submits that the Defendant did not have a reasonable expectation of privacy in his Yahoo account. By signing Yahoo's Terms of Service, the Defendant granted Yahoo consent to search his emails and anything else within his Yahoo account, thus waiving any reasonable expectation of privacy. Additionally, pursuant to *Steiger*, Yahoo is not considered a government agency. The government does not know or acquiesce Yahoo's searching of its users' content nor does Yahoo search intending to assist law enforcement efforts. *United States v. Steiger*, 318 F.3d 1039 (11th Cir. 2003).

## Reasonable Expectation of Privacy

The United States maintains that because Yahoo is a private company and the Defendant agreed to Yahoo's Terms of Service, before using its product, the Defendant did not have a reasonable expectation of privacy. Doc. 48 at 4-6. In this particular case, the Defendant waived any potential reasonable expectation of privacy claims when he created a Yahoo email account and agreed to Yahoo's Terms of Service. The Terms of Service were specific to Yahoo and addressed several reasons why Yahoo may search or monitor a user's email content. Doc 48, Ex-3-A.

The Supreme Court has long held that defendants have the right to exclude evidence obtained pursuant to an unlawful search and seizure upon a motion and presentation of proof. *Weeks v. United States*, 242 U.S. 383, 398 (1914); *Mapp v. Ohio*, 367 U.S. 643, 657 (1961). Generally, a defendant can only invoke the Fourth Amendment's protection when he has a legitimate expectation of privacy in the item searched. A defendant must prove that he had an actual (subjective) expectation of privacy and that the expectation is one society is prepared to recognize as reasonable. *United States v. Ford* 34 F.3d 992, 995 (11th Cir. 1994) (quoting *Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., concurring)).

The Defendant here did not have a reasonable expectation of privacy. He voluntarily agreed to Yahoo's Terms of Service when he created a Yahoo email account. Yahoo's Terms of Service provide a clear warning that a user's emails will be monitored and possibly turned over to law enforcement. Additionally, Yahoo warns its users that they are not allowed to use the platform to send content that

harms minors in any way. Doc 48, Ex-4. Yahoo warns that it has sole discretion to pre-screen any content. *Id*. By agreeing to the Terms of Service, Williamson agreed to Yahoo accessing, preserving, and disclosing his account information and content. *Id*. Courts have agreed that users in this scenario do not have a reasonable expectation of privacy for/in their messages. *United States v. Montijo*, No. 2:21-cr-75-SPC-NPM, 2022 WL 93535, at *7 (M.D. Fla. 2022) (holding that the defendant did not have a reasonable expectation of privacy in his Facebook messages when he agreed to Facebook's community guidelines, which explicitly state that Facebook would send any apparent child exploitation material to NCMEC); *United States v. DiTomasso*, 56 F. Supp. 3d 584, 595 (S.D.N.Y. 2014) (holding that the defendant did not have a reasonable expectation of privacy in his emails when the defendant agreed to AOL's monitoring policy, which explicitly said the company actively assisted law enforcement). Ultimately, there is no evidence that Williamson was coerced to create a Yahoo account, or to agree to Yahoo's Terms of Service. By doing both, he waived any reasonable expectation of privacy that he may have had in his Yahoo email.

### When a Private Person Turns Government Actor for Fourth Amendment Purposes

The Eleventh Circuit in *Washington* laid out several tests to determine whether a private company becomes a government actor based on a search. *Washington v. Veterans of Foreign Wars of U.S.*, 196 Fed. Appx. 777, 779 (11th Cir. 2006). These tests include: (1) the "state compulsion" test (the state has coerced or at least significantly encouraged the action alleged to have violated the Constitution); (2) the "public

function" test (the private parties performed a public function that was traditionally the exclusive prerogative of the state); or (3) the "nexus" test (the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise). *Id*. In addition to the three tests laid out in *Washington*, there are also instances where regulation or statute requires a private entity to conduct a search, the private entity could be acting as an agent of the government. *Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 614 (1989). As detailed below, Yahoo is not a government actor because of its private search into its users' email accounts. Yahoo, as a private company, has a desire to eradicate illegal activity on its platform and notifies users, pursuant to its Terms of Service, of the rules that govern its service product.

*State Compulsion Test*

A private company becomes a government actor under the state compulsion test if the state has coerced or at least significantly encouraged the action alleged to have violated the Constitution. The Defendant argues that Yahoo must be a government actor under the Fourth Amendment based on its mandatory reporting and special privileges under 18 U.S.C. §§ 2258A and 2258B. Doc. 44. The Defendant argues that the statutes compel and encourage Yahoo to search its platform and report potential child sexual abuse material and grant special privileges to Yahoo to possess child exploitation material. Doc. 44; 18 U.S.C. § 2258A(b)(4).

Federal law neither compels nor coerces Internet Service Providers (ISPs) to monitor and report child sexual abuse material. The statute specifically states

"nothing in this section shall be construed to require a provider to monitor any user, subscriber, or customer" or "affirmatively search, screen, or scan" content. 18 U.S.C. § 2258A(f). The statute only compels ISPs to report child sexual abuse material "as soon as reasonably possible after obtaining actual knowledge." 18 U.S.C. § 2258A(a)(1)(A).

The Defendant's argument that Yahoo is a government actor based on its immunity from prosecution when it preserves child sexual abuse material is misconstrued. Doc. 44; 18 U.S.C. § 2258B(a). Congress did not automatically provide blanket immunity for all ISPs. The statutory grant of immunity, rather, only applies when ISPs are complying with their reporting obligations. In the event that an ISP in compliance with reporting requirements discovers child sexual abuse material on their platform, then the "immunity" goes into effect while the ISP follows the protocol for reporting. An ISP does not receive statutory immunity unless they are following the protocol, they are not required to actively monitor user communication, and they are not compelled to seek out violations that would trigger the reporting obligations. 18 U.S.C. § 2258A(f).

When applying the state compulsion test to the present case it fails. Here, Yahoo received no special privileges nor blanket immunity for its search. Yahoo does not monitor user content in fear of retaliation from the government; it monitors user content to protect the integrity of its platform and to not allow Yahoo to be converted into a safe haven for illegal activity. Doc 48-3.

The Eleventh Circuit has not addressed the issue of whether the mandatory

5

reporting required under sections 2258A and 2258B turns an ISP into a government actor. Persuasive authority from numerous circuit courts rejects the notion that the section 2258A reporting requirement converts an ISP into a government actor when the ISP chooses to scan its network for child sexual abuse material. *United States v. Meals*, 21 F.4th 903, 907 (5th Cir. 2021); *United States v. Stevenson*, 727 F.3d 826, 830 (8th Cir. 2013); *United States v. Cameron*, 699 F.3d 621, 637-38 (1st Cir. 2012); *United States v. Miller*, 982 F.3d 412, 424 (6th Cir. 2020); *United States v. Richardson*, 607 F.3d 357, 367 (4th Cir. 2010); *cf. United States v. Ackerman*, 831 F.3d 1292, 1295 (10th Cir. 2016) (Gorsuch, J.) (the court assumed that AOL's search was a private search, thus not subject to Fourth Amendment protections, and only addressed whether the National Center for Missing and Exploited Children's (NCMEC) search violated the Fourth Amendment).

*Public Function Test*

A private company becomes a government actor when it performs a public function that was traditionally the exclusive prerogative of the state. Yahoo is not performing any "public function" that would deem it to be a government actor for purposes of a Fourth Amendment search. The Defendant argues that "putting the onus on internet service providers like Yahoo! to report child pornography" means that "the government delegated Yahoo! and NCMEC the 'public function' of law enforcement." Doc. 44. The Supreme Court has held that some functions qualify as "government" functions, no matter who performs them. *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928-29 (2019). However, "very few" functions qualify.

6

*Id*. Only those limited activities that have been "traditionally and exclusively" performed by the government – for example, running an election or operating a city – can turn a private action into a government action. *Jackson v. Metro Edison Co.*, 419 U.S. 345, 352 (1974); *Halleck*, 139 S. Ct. at 1929 *Marsh v. Alabama*, 326 U.S. 501, 505-09 (1946); *White v. Scrivner Corp.*, 594 F.2d 140, 142 (5th Cir. 1979) (holding that public functions "embrace very few activities;" even arrests, detentions, and searches are not exclusively reserved for the states).

The Defendant has failed to demonstrate that Yahoo's search of his emails performed a public function thereby converting Yahoo into a government actor. While the investigation of a crime has generally been performed by the government, criminal investigations have also been performed by private parties in the protection of their property. *United States v. Miller*, 982 F.3d 412, 423 (6th Cir. 2020) (holding that Google's scan of the defendant's emails for child pornography is not a public function and more akin to "shopkeepers investigating theft by shoplifters or insurance companies investigating arson by claimants."). Only when a private party is "endowed with law enforcement powers beyond those enjoyed by" everyone else, have courts decided that a private party's actions turn it into a state actor. *United States v. Miller*, 982 F.3d 412, 423 (6th Cir. 2020) (quoting *Ackerman*, 831 F.3d at 1296); *Romanski v. Detroit Ent., L.L.C.*, 428 F.3d 629, 636-37 (6th Cir. 2005).

Ultimately, Yahoo's private search of a user's email does not convert Yahoo into a government actor under the public function test. Yahoo is not endowed with any law enforcement powers that other private citizens do not share. Yahoo's search

7

of their users' emails does not reach the level of a public function solely reserved for the government. Private searches by private companies are permissible under law. Yahoo explicitly warns its users of their ability to search a user's emails, including content, on the Yahoo platform. Yahoo is a private company, engaging in a private search, and thus does not convert to a government actor under the necessary standard presented in the public function test.

*Nexus Test*

A private company becomes a government actor when the state has so far insinuated itself into a position of interdependence with the private company that it is a joint participant in the enterprise. The *Steiger* court established the following factors to determine whether a private person should be considered an agent of the government under the nexus test: (1) whether the government knew or acquiesced in the intrusive conduct, and (2) whether the private actor's purpose was to assist law enforcement efforts rather than to further his own ends. *United States v. Steiger*, 318 F.3d 1039, 1045 (11th Cir. 2003); *United States v. Simpson*, 904 F.2d 607, 610 (11th Cir. 1990) (*citing United States v. Miller*, 688 F.2d 652, 657 (9th Cir. 1982)); *see also United States v. Ford*, 765 F.2d at 1090 (holding that he district court properly denied a motion to suppress where there was no evidence that the government "had any pre-knowledge of the search [or] that the agents openly encouraged or cooperated in the search").

The government, through law enforcement, does not know or acquiesce Yahoo's search of its users' content. Yahoo is not legally required to proactively

8

search its users' emails for illegal content. 18 U.S.C. § 2258A(f). Law enforcement and NCMEC do not openly encourage or cooperate with Yahoo's initial private search into its users' emails. *United States v. Ford*, 765 F.2d 1088, 1090 (11th Cir. 1985).

Yahoo's "cooperation" with law enforcement in this case only extends to sending a report of its findings of child sexual abuse material to NCMEC. This is strikingly akin to a citizen reporting a crime via 911 or to the mandatory reporting of individuals with certain professions where the professional must report suspected child abuse or child exploitation to authorities. Similarly, courts have held that reporting a crime to the police does not create a special relationship between the parties. *United States v. Miller*, 982 F.3d 412, 425 (6th Cir. 2020); *Moldowan v. City of Warren*, 578 F. 3d 351, 399 (6th Cir. 2009); *Taylor v. Phelan*, 9 F.3d 882, 887 (10th Cir. 1993). When Yahoo forwards suspected illegal activity from its platform to NCMEC and NCMEC later sends it to law enforcement, it does not mean that the government is involved in Yahoo's initial search or acquiescing to said search.

Yahoo's purpose in searching user accounts and reporting illegal content to the proper law enforcement agency is to protect the integrity of the company. Yahoo has a "strong business interest in enforcing [their] terms of service and ensuring that [their] products are free from illegal content." Doc. 49-1. If Yahoo becomes a "haven for abusive content and conduct," then users will "stop using [their] services." *Id*. Yahoo happens to share a mutual interest with law enforcement in eradicating child sexual abuse material from its platform. This shared interest does not make convert

9

Yahoo into a government actor for purposes of a Fourth Amendment search. *United States v. Ringland*, 966 F.3d 731, 736 (8th Cir. 2020).

## **CONCLUSION**

The Defendant had no reasonable expectation of privacy in his Yahoo email account once he agreed to Yahoo's Terms of Service. The Terms of Service explicitly stated Yahoo had the right to search its platform for illegal content. Pursuant to the two-prong test established by the *Steiger* court, Yahoo, a private company, did not become a government actor for Fourth Amendment purposes when it searched the Defendant's email content and forwarded the illegal content to NCMEC.

                Respectfully submitted,

                ROGER B. HANDBERG
                United States Attorney

By:   */s/ Erin C. Favorit*
        Erin C. Favorit
        Assistant United States Attorney
        Florida Bar No. 104887
        400 N. Tampa Street, Suite 3200
        Tampa, Florida 33602-4798
        Telephone: (813) 274-6000
        Facsimile: (813) 274-6358
        E-mail: Erin.Favorit@usdoj.gov

        */s/ Abigail K. King*
        Abigail K. King
        Assistant United States Attorney
        Florida Bar No. 294963
        400 N. Tampa Street, Suite 3200
        Tampa, Florida 33602-4798
        Telephone: (813) 274-6000
        Facsimile: (813) 274-6358
        E-mail: Abigail.King@usdoj.gov

U.S. v. Gregory Williamson            Case No. 8:21-cr-00355-WFJ-CPT

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Gus Centrone, Esq.

By:    /s/ *Erin C. Favorit*
        Erin C. Favorit
        Assistant United States Attorney
        Florida Bar No. 104887
        400 N. Tampa Street, Suite 3200
        Tampa, Florida 33602-4798
        Telephone: (813) 274-6000
        Facsimile: (813) 274-6358
        E-mail: Erin.Favorit@usdoj.gov

        /s/ *Abigail K. King*
        Abigail K. King
        Assistant United States Attorney
        Florida Bar No. 294963
        400 N. Tampa Street, Suite 3200
        Tampa, Florida 33602-4798
        Telephone: (813) 274-6000
        Facsimile: (813) 274-6358
        E-mail: Abigail.King@usdoj.gov