UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:21-cr-355-WFJ-CPT

GREGORY WILLIAMSON
a/k/a "VLAD VLAD"

## GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE "OTHER ACT" EVIDENCE AT TRIAL UNDER FED. R. EVID. 404(b)

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, notifies this Honorable Court and all counsel that it intends to introduce evidence of other crimes, wrongs, or acts that the Defendant committed before, during, or after the date of the offenses alleged in the Indictment, pursuant to Fed. R. Evid. 404(b). Police reports detailing this evidence was provided to the Defendant by the United States on October 7, 2022. The United States believes that this evidence is intrinsic to the charged offense, but out of an abundance of caution, it serves this notice. The United States intends to introduce the information below either during its case-in-chief, or alternatively, for impeachment or rebuttal.

The Fed. R. Evid. 404(b) evidence the United States intends to introduce includes: (1) sexual abuse of the child victim (D.A.) by the defendant.

## I.    Procedural History

On or about November 3, 2021, a federal grand jury returned an eight-count indictment against the defendant, charging him with enticement of a minor, in

violation of 18 U.S.C. § 2422(b), attempted child pornography production, in violation of 18 U.S.C. § 2251(a) and (e), child pornography distribution, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Doc. 1. The defendant had his initial appearance on or about November 19, 2021 and was ordered detained pending trial. Doc. 15. This case is set for trial starting March 27, 2023.

## II. The facts and circumstances relating to the defendant's hands-on abuse of D.A.

In or around September 2020, Yahoo! reported to the National Center for Missing and Exploited Children (NCMEC) that its user, "vladlover50@yahoo.com," distributed child pornography over the platform. Pursuant to the NCMEC cybertip, state investigators obtained a search warrant for the vladlover50@yahoo.com account. A search of that email account led investigators to identify the defendant, Gregory Williamson, as the user. Investigators subsequently secured and executed a search warrant for the defendant's residence in North Port, Florida, which is within the Middle District of Florida.

During the residential search, law enforcement officers discovered multiple electronic devices containing child pornography, hidden cameras used to film the child victim in her bedroom, and evidence of online enticement and grooming of the child victim.

On or about June 6, 2022, the child victim disclosed several instances of sexual abuse by the defendant. The child victim indicated that she lived in Spring

Hill, Florida, which is in the Middle District of Florida, with the defendant from when she was approximately 9 years old until she was approximately 13 years old. When she was about 13 years old, the defendant and the child victim moved to the North Port residence. The child victim indicated that when she was around 11 years old, the defendant would touch her differently during hugs than how others did. Examples of this included the defendant's hands positioned too low on her body, touching touch the child victim's buttocks. Eventually, the defendant touched the child victim's buttocks under her clothing and did so "too many times to count." The touching occurred underneath her pants and underwear and never in front of other people. This touching continued to occur when the defendant and child victim lived at the North Port residence.

On an occasion when the child victim was approximately 12 or 13 years old, she was unable to close a sliding glass door in the home because she was too weak, and the defendant knew this. One evening, the defendant told her that if she didn't close the door, he would go into her room early in the morning and "eat her out." She advised that it was not uncommon for him to speak to her in this manner. At night, the child victim was unable to close the door properly and the defendant went into her room and pulled down her pants and underwear to her knees. The child victim woke up to the defendant's mouth and tongue on her vagina. She "freaked out" and kicked the defendant in the face to get him off her.

The child victim further described that when she was 13 years old, the defendant entered her room and tried to forcefully kiss her. The two were alone in

her room at the time. The defendant put his lips out first and the child victim turned away, at which point the defendant aggressively tried to use his tongue. The defendant successfully kissed the child victim but was unsuccessful in using his tongue for the kiss.

The child victim detailed on another occasion when she was 13 years old, the defendant started to touch her breasts and would repeatedly do it when they were alone, in a subtle and sporadic manner.

She additionally disclosed an incident at her home when it was dark outside. Her and the defendant were in front of the house in front of the garage in Spring Hill, Florida. The defendant was seated, and the child victim was standing in front of him. The two talked for a while and when she hugged him goodbye the defendant started to rub her vagina over her clothing for about one minute. During this incident the defendant also took out his penis and exposed it to her, but she did not touch it. During this occurrence, the defendant also inserted his fingers into her vagina in a sexual manner. The child victim detailed that this incident was related to one of the emails found pursuant to the search warrant of one of the defendant's email accounts.

The child victim disclosed that the defendant consistently talked to her about sex without the child victim's mother present. The defendant brought it up often and was descriptive about what would happen during sex but not in an educational manner.

### III.  <u>Memorandum of Law</u>

##### a.  Evidence of the Defendant's Sexual Abuse of the Child Victim are Intrinsic or Inextricably Intertwined with the Charged Offenses

Intrinsic evidence is that which is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury." *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) (quotation omitted). Rule 404(b), on the other hand, applies to evidence of "other acts," not to acts that are part of the crimes charged in the indictment. Evidence that is intrinsic to the crime charged includes: (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) evidence necessary to complete the story of the crime, or (3) evidence that is inextricably intertwined with the evidence of the charged offense. *United States v. Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013) (quoting *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (internal citations omitted). Evidence that is not part of the crime charged but pertaining to the chain of events explaining the context, motive, and set up of the crime, is properly admitted if linked in time and circumstances with the charged crime or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury. *Id.; United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998) (citing *United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985)).   Evidence is inextricably intertwined if it is an "integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted." *Id.* (quoting *United States v. Foster*, 889 F.2d

1049, 1053 (11th Cir.1989)).   Intrinsic evidence must still pass a Rule 403 balancing test, however. *United States v. Richardson*, 764 F.2d 1514, 1522 (11th Cir. 1985).

The language in count one specifically charges that the defendant "…did knowingly persuade, induce, entice, and coerce, and attempt to persuade, induce, entice, and coerce, an individual who had not attained the age of 18 years, D.A., to engage in any sexual activity for which any person could be charged with a criminal offense, including lewd or lascivious battery…" Based on the indictment, the sexual abuse of the child victim by the defendant would be direct evidence of the charged offense, as the incidents detail lewd or lascivious conduct, lewd and lascivious battery, and sexual activity with a child in a familial or custodial setting by the defendant on the child victim. This testimony is essential to prove count one of the indictment.

At least one of the emails the defendant sent to the child victim directly references an above-detailed sexual event. The child victim's testimony regarding the various sexual abuse incidents by the defendant is evidence necessary to complete the story of the crime. In one such recovered email from January 2021, the defendant wrote: "Just because you wanted to be a big girl a few months back does not make me a pervert. If that was the case then why did you come back for more and more and make me go outside with you and finger your pussy until you finally did cum? Or you forgot about that? I regret the little affair we did have as I thought you were a little more mature than what you really are. Shame on me. Since you really aren't a virgin anymore other than you have not had a penis inside you just make sure to find

6

the one that will satisfy your desires when you finally do. Perhaps you should wait until you are married? No need to worry about me as I no longer have an attraction to you." In another email from that same month, bearing the subject line "I want to sleep with you," dispatchtwh@gmail.com wrote: "Would love for you to cum all over my dick. Muah. Love You (victim name removed)."

Such contextual testimony about sexual abuse at the hands of the defendant during the same time period he was sending the child victim sexually explicit emails is an integral and natural part of the child victim's account of the crime, and thus inextricably intertwined and admissible.

> **b. Alternatively, Evidence of the Defendant's Sexual Encounters with the Child Victim is admissible under Rule 404(b).**

The evidence that the United States seeks to admit during its case-in-chief is admissible pursuant to Fed. R. Evid. 404(b) to show the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or lack of accident involving the charged offenses. The rule is "one of inclusion which allows [extrinsic] evidence unless it tends to prove only criminal propensity. The list provided in the rule is not exhaustive and the range of relevancy outside the ban is almost infinite." *United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008) (citations omitted); *see also United States v. Ebron*, 683 F.3d 105, 131 (5th Cir. 2012); *United States v. Shaw*, 701 F.2d 367, 386 (5th Cir. 1983) ("Rule 404 is a rule of inclusion."); *United States v. Halper*, 590 F.2d 422, 432 (2d Cir. 1978) (noting that the Second Circuit "adhere[s] to the 'inclusionary' view of the rule regarding other crimes and similar acts

evidence"); and *United States v. Long*, 574 F.2d 761, 766 (3d Cir. 1978) ("The draftsmen of Rule 404(b) intended it to be construed as one of 'inclusion', and not 'exclusion'."). Exclusion under Rule 403 'is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility.'" *United States v. Troya*, 733 F.3d, 1125, 1131-32 (11th Cir. 2013) (citations omitted). The probative value of the evidence is not substantially outweighed by undue prejudice. Here, the evidence is certainly damaging and prejudicial to the defendant, but it is only when evidence is *unfairly* prejudicial, specifically, when the prejudice of evidence "substantially outweigh[s]" its probative value, that the evidence must be excluded. *United States v. Terzado-Madruga*, 897 F.2d 1099, 1119 (11th Cir. 1990). That is not the case here.

A three-part test is used to determine the admissibility of evidence pursuant to Rule 404(b). First, the evidence must be relevant to an issue other than the defendant's character, which can include motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or lack of accident. Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the acts in question. Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet other requirements of Rule 403. *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007); *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003) (quoting *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992) (en banc)).

One of the most common reasons for the admission of Rule 404(b) evidence is that the evidence is relevant to the defendant's knowledge and/or intent. By pleading not guilty to a crime, such as the ones at issue here, the defendant has placed his knowledge and intent at issue. *Jernigan*, 341 F.3d at 1281 n.7; *United States v. Beasley*, 2 F.3d 1551, 1557 (11th Cir. 1993). The defendant's sexual abuse of the child victim demonstrates his motive, intent, plan, and lack of mistake or accident in the commission of the charged offenses. This is true because it has a tendency to make [facts] more or less probable than it would be without the evidence," and such facts are "of consequence in determining" this case. *See* Fed. R. Evid. 401 (2011); *See United States v. Matthews*, 431 F.3d 1296, 1309 (11th Cir. 2005). The definition of relevant evidence is very broad[;] . . . Rule 401 does not raise a high standard. *Moyer v. United Dominion Industries, Inc.*, 473 F.3d 532, 544-545 (3d Cir. 2007) (internal quotations and citations omitted). A "fact of consequence" under Rule 401 is not limited to the ultimate issue or elements in a case, but rather can be any step along a path of inference that leads to an "ultimate fact". *Old Chief v. United States*, 519 U.S. 172, 179 (1997). It does not matter, under Rule 401, that there are multiple "evidentiary route[s]" to the ultimate fact other than the one relied upon by the proponent of the evidence. *Id.* "To be relevant, evidence need not conclusively decide the issue in the case, but it must in some degree advance the inquiry." *United States v. Causey*, 748 F.3d 310, 316 (7th Cir. 2014). "Facts of consequence" also include reasonably anticipated defenses. *United States v. Curtin*, 489 F.3d 935, 940 (9th Cir. 2007).

The defendant's not guilty plea squarely places his knowledge and his intent at issue. Indeed, "a defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue. *Edouard*, 485 F.3d at 1344 (citation omitted); *see also United States v. Walker*, 410 F.3d 754, 759 (5th Cir. 2005) (holding that the defendant "put his intent at issue by pleading not guilty"). Normally, if the defendant's state of mind is not at issue, then extrinsic evidence is not admissible. *See United States v. Roberts*, 619 F.2d 379, 383 (5th Cir. 1980) (holding that evidence of extrinsic offenses that are "probative of a defendant's state of mind" are not admissible if the defendant "affirmatively take[s] the issue of intent out of the case"). However, the defendant must *affirmatively* remove this issue, not just promise to not actively pursue or challenge it. *Id*. Because the defendant has not affirmatively removed his state of mind – *i.e.*, his knowledge and intent – as a trial issue, evidence of other acts and conduct involving a prurient sexual interest in children sheds light on his state of mind and should be admitted under Rule 404(b).

The defendant's sexual abuse of the child victim in this case is more probative than prejudicial. It shows that the child pornography he was distributing to the child victim, the child pornography he possessed and the explicit sexual emails were not by accident or mistake. The defendant's sexual abuse of the child victim in this case demonstrates clearly the defendant's prurient interest in children and directly relates to how he carried out his intentional plan of covertly recording the child victim while

she was in own bedroom, producing child pornography of the child victim and enticing the child victim to engage in sexually explicit conduct. The child victim's testimony detailing the sexual abuse the defendant inflicted upon her will rebut any claim that the defendant lacked the necessary intent, knowledge, or plan to engage in the charged offenses. The evidence will be offered not as character evidence, but rather for the properly enumerated purposes under Rule 404(b).

The United Sates reserves the right to use any of the listed evidence for rebuttal or impeachment purposes should the need arise. Nothing in this notice is intended to waive any other argument the United States may have regarding the admissibility of the listed evidence, including that such evidence is intrinsic to the charged offense or inextricably intertwined with other evidence in this case.

WHEREFORE, the United States notices the defendant of its intent to offer the above-described at trial.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:    /s/ Erin Claire Favorit
Erin Claire Favorit
Assistant United States Attorney
Florida Bar No. 104887
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358

E-mail: erin.favorit@usdoj.gov

**U.S. v. Gregory Williamson**              **Case No. 8:21-cr-00355-WFJ-CPT**

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2023, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

Gus Centrone, Esq.


*/s/ Erin Claire Favorit*
Erin Claire Favorit
Assistant United States Attorney
Florida Bar No. 104887
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: erin.favorit@usdoj.gov

13