# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

    v.                                                 CASE NO. 8:21-cr-355-WFJ-CPT

GREGORY ALLEN WILLIAMSON,

    Defendant.
_____/

## DEFENDANT'S RESPONSE TO UNITED STATES' MOTION IN LIMINE REGARDING ADMISSIBILITY OF TRADE INSCRIPTION

Defendant Gregory Allen Williamson, by and through undersigned counsel, hereby submits this Response to the United States' Motion in Limine Regarding Admissibility of Trade Inscription. Doc. 140. For the reasons explained below, the materials sought to be admitted by the Government are not a "trade inscription" and contain inadmissible hearsay. The Government's Motion should be denied.

**I.     The materials sought to be admitted by the Government are not a "trade inscription" within Federal Rule of Evidence 902(7).**

The Government contends that four items it will seek to introduce at trial are admissible and self-authenticating as to the origin of manufacture because they contain "trade inscriptions." But what the Government contends to be "trade inscriptions," do not comport with the Rule.

The Government states that it will introduce four items at trial: a Gateway Computer, a Samsung Galaxy, a Western Digital Hard Drive, and a Seagate Hard Drive. It alleges these items "bear the inscriptions, 'MADE IN CHINA' (the 'Gateway Computer'), "MANUFACTURED IN CHINA" (the 'Samsung Galaxy'), "PRODUCT OF THAILAND" (the 'Western Digital Hard Drive' and the 'Seagate Hard Drive.')". Doc. 140, p. 1.

Under Federal Rule of Evidence 902(7), "the following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted… An inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin, ownership, or control." The Advisory Committee Notes to Rule 902(7) indicate that this Rule is aimed at "commercial and mercantile labels and the like." *See* F.R.E. 902(7), advisory committee notes (1972). Those Notes reason that "[t]he risk of forgery is minimal," because "[t]rademark infringement involves serious penalties." *Id*. It further reasons that "[g]reat efforts are devoted to inducing the public to buy in reliance on brand names, and substantial protection is given them." *Id*. In other words, this Rule is aimed at trademarks and things like trademarks that identify to the public a unique brand that is associated with a particular manufacturer or trade.

This basis for the Rule is evident by the cases cited in the Advisory Committee Notes. *See e.g. id.* (citing *Curtiss Candy Co. v. Johnson*, 163 Miss. 426, 141

So. 762, 765 (1932) ("[A}ttention is not called to any incident where any one had undertaken to adopt the name of this company or its trade–name, "Baby Ruth"); *Doyle v. Cont'l Baking Co.*, 262 Mass. 516, 519, 160 N.E. 325, 326 (1928) ("In the absence of any evidence tending to show that the defendant's trade name was being wrongfully used, the inference could be drawn that the name was used by the defendant in compliance with the statutory requirement and that the defendant was the manufacturer of the bread."); *Weiner v. Mager & Throne*, 167 Misc. 338, 340, 3 N.Y.S.2d 918, 920–21 (N.Y. Mun. Ct. 1938) ("No one except Mager & Throne, Inc., had the right to use its trade-name or label. In the absence of any evidence tending to show that this defendant's trade-name or label was being wrongfully used by others, the inference is drawn that the name and label were used by it, and that this defendant was the manufacturer of the bread.").

Unlike trade names (such as "Gateway" or "Samsung") or logos, the phrases "Made in China" or "Made in Thailand" are not unique marks linking these products to any particular manufacturer. These phrases are not subject to the "serious penalties" of trademark infringement under the Lanham Act that would protect the Gateway or Samsung brand names or logos. *See* F.R.E. 902(7), advisory committee notes (1972). Nor do they induce the public to buy the product based on reliance on them. Indeed, one can imagine that many hundreds of thousands

of products sold in America bear these marks.  The aim for which the Government seeks to use Rule 902(7) is simply not what was intended by that Rule.

For instance, in *Whitted v. Gen. Motors Corp.*, 58 F.3d 1200, 1204 (7th Cir. 1995), *abrogated on other grounds by Kaiser v. Johnson & Johnson*, 947 F.3d 996 (7th Cir. 2020), the Seventh Circuit Court of Appeals affirmed the district court's decision that an automobile owner's manual was not admissible.  The Seventh Circuit agreed with the district court reasoning that the manual was inadmissible because "the *contents* of the manual constitute more than a 'Trade inscription' and are not, therefore, self-authenticating." *Id*. (emphasis in original).  It thus affirmed that evidence's exclusion under Rule 902(7).  See also *Morris v. Ford Motor Co.*, 2:10CV504, 2012 WL 5947753, at *7 (N.D. Ind. Nov. 28, 2012) ("However, Rule 902(7) simply provides that the inscription, sign, tag or label, itself, is authenticating, but not the entirety of every item, book, etc., to which it is attached.").

Here, the "MADE IN CHINA" and "MADE IN THAILAND" phrasing is like the contents of the owner's manual in *Whitted*.  It is not a logo or other trade inscription (as discussed above), but is rather a non-unique statement of fact.  The Government's motion should be denied.

4

## II. The materials sought to be admitted by the Government contain inadmissible hearsay.

Even if the Court determines that the materials are self-authenticating, that does not end the analysis. The Court must still determine whether the materials contain inadmissible hearsay. *See* 31 Wright & Miller, Fed. Prac. & Proc. Evid. § 7134 (1st ed.) ("Even if the authentication requirement is satisfied, however, the item is not necessarily admissible."); *see also United States v. Scott*, 2:13CR164, 2014 WL 2808802, at *2 (E.D. Va. June 20, 2014) (citing *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 551 (D. Md. 2007)). Here, the materials are indeed inadmissible hearsay.

Contrary to the Government's argument, the statements "MADE IN CHINA" and "MADE IN THAILAND" are out-of-court statements that the Government intends to use for the proof of the matter asserted – that the equipment was made overseas. The Government's purpose in seeking to have this evidence admitted is to establish the "interstate commerce" element of the offenses while bypassing the Confrontation Clause in the process.

The Government's theory that the phrases are not statements relies on the "mechanical trace" theory espoused by the Ninth Circuit in *United States v. Alvarez*. 972 F.2d 1000, 1004 (9th Cir. 1992). The first case outlining that theory cites not the Federal Rules of Evidence, but a 1940 edition of Wigmore on Evidence. *See United States v. Snow*, 517 F.2d 441, 443 (9th Cir. 1975). That tome pre-dates the 1972

Advisory Committee Notes discussing the basis for the Rule, as discussed above. Wigmore compared such a mark to "articles, fragments, stains, tools, brands on animals and timber, tags, signs, license plates, fingerprints, foot marks, and documents." *Id*. at 443-44. It is unclear how Wigmore could determine that categories as broad as "articles" and "documents" are "mechanical traces" and – according to the Government here – therefore self-authenticating. No other cases addressed this issue until *Alvarez* (on which the Government heavily relies) in 1992. No Eleventh Circuit or Middle District of Florida case has ever addressed this issue.

In *United States v. Pina*, 3:14-CR-023, 2015 WL 13655680, at *1 (S.D. Ohio Aug. 27, 2015), the court rejected the same "mechanical trace" argument the Government makes here. In holding that statements of "Made in China" on computers were hearsay, the *Pina* court found that the "labels at issue are not mechanical traces. They are out-of-court statements likely made by the manufacturer, affixed to assert what the Government now wishes to assert, 'these were 'Made in China.'" *Id*. at *2 (S.D. Ohio Aug. 27, 2015).[1] It noted that "[i]t is entirely possible that the computers were made somewhere besides China, and that the labels were affixed to avoid tariffs or embargos or that they were

---

[1] In determining that the materials fell under the resideual hearsay exception (discussed below), the Pina court noted that "[t]he Defendant made no response to the Government's residual exception argument." *Id*. at *3.

6

manufactured in a place with a reputation for manufacturing quality lower than China's." *Id*. at *2.

To be a "mechanical trace" (and therefore not hearsay), the *Pina* court held, it must be "akin to markings in Chinese to align point 'A' on one panel with point 'A' on another panel. These would be trace markings from which one could infer that the product was assembled in China, that it had travelled in interstate commerce." *Id*. As in *Pina*, the markings the Government asserts as non-declarative statements (and therefore non-hearsay) are indeed hearsay statements.[2]

The Government then argues that, even if the materials at issue here are hearsay, they nonetheless fall under the residual exception of the hearsay rule. F.R.E. 807(a). That Rule states that:

> Under the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804:
>
> (1) the statement is supported by sufficient guarantees of trustworthiness--after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement;

---

[2] "As the above analysis indicates, courts relying on the vacuous 'mechanical trace' and 'circumstantial evidence' labels rather than truth-of-the-matter-asserted analysis will typically reach a conclusion favored by Wigmore, but incorrect under the federal rules. Indeed, the labels in both the *Snow* case and the 'Garnika, Spain' example qualify as hearsay, as they were out-of-court assertions offered to prove the truth of the matter asserted." 30B Fed. Prac. & Proc. Evid. § 6727 (2022 ed.).

7

and

(2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

The Government quotes an earlier version of Rule 807(a), which was amended significantly in 2019 "to fix a number of problems that the courts have encountered in applying it." CITE 2019 ADVISORY COMMITTEE NOTES. Under the new Rule, "the court should proceed directly to a determination of whether the hearsay is supported by guarantees of trustworthiness." *Id*.

As discussed above, these materials lack such guarantees of trustworthiness. Other courts have held that the "serious penalties" of the Lanham Act are one such guarantee, but these statements are not subject to such penalties. Moreover, the public does not rely on those statements the way it does trademarks and similar items. Further, as *Pina* noted, it is entirely possible that they were made somewhere else to avoid tariffs or embargoes, or because they were really made somewhere of lower manufacturing quality than China. The Government makes no argument as to why there is sufficient indicia of trustworthiness in this case; instead it merely cites non-binding caselaw without comment.

Further, this evidence is not "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable
8

efforts." F.R.E. 807(a)(2). An example of such evidence would be a representative from Gateway to testify that, based on its serial number, the company can identify that the computer was made in China – or even simply that all Gateway computers are made in China (if that is the case). This is akin to bank statements admitted in a fraud case, which are authenticated by a representative by the bank. It is not an unusual or even uncommon occurrence.

Yet here, the Government claims that it would have to call such a witness at "considerable expense," and that simply admitting them would "save taxpayer funds, conserve prosecutorial and judicial resources, and would expedite the presentation of evidence at trial." Doc. 140, p. 8. But the Government outlines no steps it has taken to back up that assertion. Moreover, the interest of prosecutorial resources does not outweigh Mr. Williamson's right to a fair trial. And here, the Government would seek to establish an element of the offense without allowing Mr. Williamson to cross-examine a single witness about it, in violation of the requirements of the Confrontation Clause. See 807 ADVISORY COMMITTEE NOTES 2019 ("Of course, even if the court finds sufficient guarantees of trustworthiness, the independent requirements of the Confrontation Clause must be satisfied if the hearsay statement is offered against a defendant in a criminal case.").

Further, the Government entirely ignores the additional notice requirement under Rule 807(b). That Rule states that:

> "The statement is admissible only if the proponent gives an adverse party reasonable notice of the intent to offer the statement--including its substance and the declarant's name--so that the party has a fair opportunity to meet it. The notice must be provided in writing before the trial or hearing--or in any form during the trial or hearing if the court, for good cause, excuses a lack of earlier notice."

This case was federally indicted in November 2021, and law enforcement has had this evidence in its possession since January 2021. Yet the Government did not provide notice of this basis for admission until six days before trial. Now, Mr. Williamson does not have time to seek any evidence to counter the assertions that the Government makes about this evidence. It has violated both the letter and spirit of Rule 807(b) and this evidence should therefore be excluded.

### III. The admission of this evidence in the manner sought by the Government violates the Confrontation Clause.

The "Made In …" statements that the Government would have admitted are testimonial in nature and to admit them in the manner proposed by the Government would violate the Sixth Amendment.

In *Crawford v. Washington,* the Supreme Court held that the Sixth Amendment's Confrontation Clause bars the admission of out-of-court testimonial statements offered for the truth of the matter asserted, unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination. 541

U.S. 36, 59 n. 9 (2004). "Testimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Id*. at 59.

The statements here are testimonial in nature. Under 19 U.S.C. § 1304(a)(1), the country of origin of foreign goods must "be marked in a conspicuous place. . . " The penalties for falsely identifying or failing to identify the country of origin include criminal sanctions of up to $250,000 and up to one year in prison. *Id*. at § 1304(l). Thus, statements similar to the ones the Government seeks to admit here were made in anticipation of the possibility of criminal prosecution. Further, the Government seeks to have those materials admitted for the truth of the matter asserted – that they were indeed manufactured abroad and therefore were placed in interstate commerce.

The Government has not alleged that the declarant of those statements is unavailable, only that attempting to find such evidence would be burdensome. It has not supported that assertion with any description of the efforts it has undertaken to secure the declarant. Mr. Williamson has therefore had no opportunity for cross-examination. This is a violation of the Confrontation Clause.

## CONCLUSION

For the above reasons, Mr. Williamson respectfully requests that the Government's Motion in Limine, Doc. 140, be denied, that the evidence be excluded, and that the Court grant all other relief that the Court deems necessary and proper.

Dated: March 21, 2023

        Respectfully submitted:

        /s/ Gus M. Centrone
        Gus M. Centrone (FB# 30151)
        KYNES, MARKMAN & FELMAN, P.A.
        P.O. Box 3396
        Tampa, FL 33601-3396
        Telephone: (813) 229-1118
        Facsimile: (813) 221-6750
        GCentrone@kmf-law.com

        *Counsel for Defendant Gregory Allen Williamson*

## CERTIFICATE OF SERVICE

I HERBY CERTIFY that on March 21, 2023, I electronically filed the foregoing with the Clerk of Court through the CM/ECF Filing System which will send a notice of electronic filing to all counsel of record.

        /s/ Gus M. Centrone
        Gus M. Centrone