UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

     v.     CASE NO. 8:21-cr-00355-WFJ-CPT

GREGORY WILLIAMSON
a/k/a "VLAD VLAD"

## UNITED STATES' MEMORANDUM OF LAW

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, files this legal memorandum in response to this Court's order. Doc. 166. The Court presents the following topic: the parties shall provide supplemental briefing on the issue of severability as it relates to the Yahoo search warrant. *Id.*

The United States submits that the Yahoo search warrant sought in this case was neither overbroad nor did the actual search exceed the scope the court allowed. However, if this Court finds that the Yahoo warrant sought was in fact overbroad, the good faith exception applies. There is no evidence to support a finding that law enforcement knew or should have known that the Yahoo search warrant was impermissibly overbroad. Law enforcement made an objectively reasonable decision to rely on this warrant. If this Court, still, were to find that the Yahoo search warrant sought was overbroad and the good faith exception should not apply, then severability should apply, and the Court should sever the "infirm portion of the warrant and suppress only the evidence seized under that portion of the warrant."

*United States v. Cook*, 657 F.2d 730, 731 (5th Cir. Unit A 1981).

## Doctrine of Severance

The Fourth Amendment requires that search warrants may only be issued on probable cause and must particularly describe the place to be searched, and the person or things to be seized. *Id.* at 733. A search warrant cannot be a fishing expedition to generally explore a person's items. Sometimes, however, circumstances often make an exact description of the property impossible. In those cases, the judicial officer reviewing the warrant must weigh the necessity of law enforcement against the violation of the personal rights of those being searched. If a court finds that a search warrant is constitutionally flawed, the appropriate remedy is for the court to exclude from the evidence in a later criminal action the items improperly taken. If the court removes those items that were not particularly described, it among other benefits, precludes the government from benefiting from its own wrong. *Id.* at 734.

When this takes place, federal courts should review the search warrant and apply the doctrine of severance. "In accordance with the purposes underlying the warrant requirement and the exclusionary rule, every federal court to consider the issue has adopted the doctrine of severance, whereby valid portions of a warrant are severed from the invalid portions and only materials seized under the authority of the valid portions, or lawfully seized while executing the valid portions, are admissible." *United States v. Sells*, 463 F.3d 1148, 1154–55 (10th Cir. 2006). The doctrine will only be applicable if there are valid portions of the warrant that are sufficiently

particularized, can be distinguished from the invalid portions, and make up the greater part of the warrant. *Id.* at 1155. "At least eight circuits have held that where a warrant contains both specific as well as unconstitutionally broad language, the broad portion may be redacted, and the balance of the warrant considered valid." *See United States v. George,* 975 F.2d 72, 79 (2d Cir.1992); *United States v. Blakeney,* 942 F.2d 1001, 1027 (6th Cir.1991), *cert. denied*; *United States v. Fitzgerald,* 724 F.2d at 636–37; *United States v. Riggs,* 690 F.2d 298, 300 (1st Cir.1982); *United States v. Christine,* 687 F.2d 749, 759–60 (3d Cir.1982); *Cook,* 657 F.2d 730, 734–35 (5th Cir.1981). *See also* 1 Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure,* § 3.4(f) at 229 (1984). In this group of cases, only those items considered under the overbroad portion of the warrant are suppressed. *United States v. Brown*, 984 F.2d 1074, 1077–78 (10th Cir. 1993).

    The first step in determining whether the severability doctrine applies is to separate and divide the warrant into individual phrases, clauses, paragraphs, or categories of items. *Sells*, 463 F.3d at 1155 (citing *U.S. v. Naugle*, 997 F.2d 819). After properly separating the warrant, each section must be determined on a case-by-case basis. *Id.* at 1156. There must then be some logical and reasonable basis for the division, i.e., categories of evidence. *Id.* After the logical division takes place, the analysis is whether the section of the warrant describes with particularity items to be seized for which there is probable cause. *Id.* Those sections and items that were not particularly described should be suppressed, but suppression of all the search is not

consistent with the purposes of exclusion. *Cook*, 657 F.2d at 734.

## **Applicability of Severance to the Yahoo Search Warrant**

This is not a situation in which the entire warrant is defective. The Yahoo search warrant affidavit lists sections and categories of evidence that are particularly described. If necessary, the court could certainly divide these categories of evidence and exclude those that the court decides were overbroad.

The search warrant exhaustively described the categories of data intended to identify: (1) account subscriber information; (2) user attribution; (3) calendar; (4) contacts; (5) email; (6) photos; and (7) search history. See, Exhibit 1 (Yahoo Search Warrant, pg. 7-8). With respect to each of those categories of data the provider duly complied with the requests without objection to its breadth or scope. Each of these categories has a logical and reasonable basis to be divided in this way. Furthermore, each of these categories were described with particularity and supported by probable cause.

If the Court found any of the above categories invalid, the application of the severability doctrine should apply, and the court will then apply a holistic test and evaluate relative scope and invasiveness of valid and invalid parts of warrant. *Cassady v. Goering*, 567 F.3d 628 (10th Cir. 2009). The greater part of the warrant must be valid for the severability doctrine to apply. *Id.* at 637. In this case, the greater part of the warrant is valid, none of the evidence requests are overbroad, each category of evidence is support by probably cause and this analysis is therefore moot.

## **CONCLUSION**

Wherefore, the United States respectfully requests this Honorable Court to deny Williamson's Second Motion to Suppress. If the Court is inclined to suppress the Yahoo search warrant and believes that the good faith doctrine should not apply, a hearing should be conducted to determine which parts of the Yahoo search warrant should be severed in line with the Court's ruling.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: /s/ *Erin C. Favorit*
Erin C. Favorit
Assistant United States Attorney
Florida Bar No. 104887
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Erin.Favorit@usdoj.gov

/s/ *Abigail K. King*
Abigail K. King
Assistant United States Attorney
Florida Bar No. 294963
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Abigail.King@usdoj.gov

U.S. v. Gregory Williamson                    Case No. 8:21-cr-00355-WFJ-CPT

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Gus Centrone, Esq.

By:     /s/ *Erin C. Favorit*
Erin C. Favorit
Assistant United States Attorney
Florida Bar No. 104887
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:  (813) 274-6000
Facsimile:   (813) 274-6358
E-mail:        Erin.Favorit@usdoj.gov


/s/ *Abigail K. King*
Abigail K. King
Assistant United States Attorney
Florida Bar No. 294963
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:  (813) 274-6000
Facsimile:   (813) 274-6358
E-mail:        Abigail.King@usdoj.gov