# IN THE CIRCUIT COURT OF THE 12th JUDICIAL CIRCUIT IN AND FOR SARASOTA COUNTY, FLORIDA

## APPLICATION FOR COURT ORDER/SEARCH WARRANT COMPELLING PRODUCTION OF OATH HOLDINGS INC. (YAHOO!) ACCOUNT RECORDS

In Re;  A Criminal Investigation - Child Exploitation
Case No.20-099177
User account identified by Username:
1. vladlover50@yahoo.com

This account is under the control of:
**Attention: Custodian of Records
Oath Holdings Inc.
701 First Avenue
Sunnyvale, CA 94089**

BEFORE ME, a Judge of the Circuit Court, personally or by sworn attestment appeared Detective/Officer James Keller #304 a duly sworn law enforcement officer of the North Port Police Department, State of Florida, who after being first properly sworn, makes application for an order compelling Yahoo! (Oath Holdings Inc.) to search for, and obtain, and to provide information and data in the above described Yahoo! (Oath Holdings Inc.) account to the applicant Detective/Officer listed above, who states under oath that he/she has sufficient grounds to believe and does believe that the laws of the State of Florida have been violated, to-wit:

The laws prohibiting possession and promotion of child pornography controlled by Florida State Statute 827.071. And, that the officer has reason to believe and does believe that evidence connected with the crime is currently located within the below identified Yahoo! (Oath Holdings Inc.) accounts.

THE DESCRIPTION OF THE USER ACCOUNTS are as follows;
User account identified by Username:
1. vladlover5@yahoo.com

GROUNDS FOR ISSUANCE:
The following grounds for issuance of the Order Compelling Production of Yahoo! (Oath Holdings Inc.) account records, as required by Florida Statutes exist, to-wit:  the evidence sought is relevant to proving the above described offense has been committed and such evidence is contained within the Yahoo! (Oath Holdings Inc.) accounts described above. *See Florida Statute 933.02(3)*.

Yahoo! (Oath Holdings Inc.) is an out-of-state corporation that provides electronic communication services or remote computing services to the public. Your Affiant seeks to

seize the below-described evidence pursuant to Florida Statute § 92.605 and § 934.23, as well as the United States Code 18 U.S.C. 2703, and California Statute § 1524.2, which compel out-of-state electronic communication service or remote computing service that provides such services to the public to provide information requested pursuant to search warrants, court orders or subpoenas issued in the State of Florida.

FACTS STATED IN SUPPORT OF APPLICATION:

Your Affiant has sufficient reasonable grounds to believe that the above-named crime has been committed and that evidence in the form of electronic communication and or data held or possessed by Yahoo! (Oath Holdings Inc.) may be discovered. This detective/officer believes probable cause exists for the following reasons:

1. Your Affiant is a Detective/Officer with the North Port Police Department and is currently assigned to the Criminal Investigations Division. Your Affiant has been a police officer for approximately seven years and seven months and has been assigned to the Criminal Investigations Division for four years and three months Your Affiant is charged with the responsibility of investigating crimes such as crimes against property and persons.

2. Your Affiant is currently assigned to the Central Florida Internet Crimes Against Children Task Force (ICAC) since May 2019. Your affiant is also currently assigned to the FBI Child Exploitation and Human Trafficking Task Force since December 2019 as a Task Force Officer. Your Affiant has been a duly sworn Police Officer for the City of North Port Police Department since December 2012. From January 2013 to March 2016, your Affiant was assigned to the North Port Police Departments Patrol Division. In March 2016, your Affiant was assigned to the Property Crimes Unit of the Criminal Investigative Division at the North Port Police Department. In March 2017, your Affiant was assigned to the Major Crimes Unit of the Criminal Investigations Division at the North Port Police Department. In May 2019, your Affiant was tasked with investigating sex crimes in the aforementioned capacity. Your Affiant is currently the North Port Police Department's agency affiliate for the Internet Crimes Against Children (ICAC) Task Force. In his career, your Affiant has conducted criminal investigations to include: crimes involving sexual abuse of children, sexual abuse of adults, aggravated battery, robbery, home invasion, kidnapping, child pornography, and homicide. Your Affiant has obtained a Bachelor of Science of Interdisciplinary Studies from Liberty University. Your Affiant has attended a 2 hour course of instruction on an Introduction to Human Trafficking. Your Affiant has attended a 40 hour course of instruction on Sex Crimes Investigations hosted by South West Florida Public Safety Academy. Your Affiant has attended a 40 hour course of instruction on Case Preparation and Courtroom Presentations Investigations hosted by South West Florida Public Safety Academy. Your Affiant has attended an 8 hour course of instruction on Pedophiles and Child Abductions hosted by South West Florida Public Safety Academy. Your Affiant has attended multiple 1 hour course(s) of instruction to include, Part 1 ICAC App-Based Chat Sites, Part II ICAC App-Based Chat Sites, Legal Issues for Undercover Chat Investigations,

DISC-14920

and Evolution of Online Ad Site Investigations hosted by National Criminal Justice Training Center of Fox Valley Technical College. Your Affiant has attended a 40 hour course of instruction on Undercover Online Chat Operations hosted by National Criminal Justice Training Center of Fox Valley Technical College. Your Affiant has attended a 40 hour course of instruction on ICAC Investigative Techniques hosted by National Criminal Justice Training Center of Fox Valley Technical College. Your Affiant has attended a 24 hour peer-to-peer BitTorrent Investigations and a 24 hour peer-to-peer Child Protection System (CPS) Basic P2P Investigations. Your Affiant has attended a 4 hour Identify and Investigate Human Trafficking class. Your Affiant has attended a 40 hour course of instruction on Child Exploitation Investigations hosted by South West Florida Public Safety Academy.

3. Based on all the above described training and experience, the investigative facts and activity set forth herein, your Affiant has developed probable cause to believe and does believe that the crimes described herein have been and are being committed at or within the City of North Port, Sarasota County, Florida.

4. On September 10, 2020, Oath Holdings Inc. (Yahoo!), who is an Electronic Service Provider (ESP), submitted a child exploitation cyber tip (79384716) to the National Center for Missing and Endangered Children (NCMEC). Oath Holdings Inc. (Yahoo!) reported that the Yahoo! user identified as "vladlover50@yahoo.com" uploaded apparent child pornography on 9/8/20 at 1600 hours UTC from IP 2601:701:c200:ef50:f00e:48dc:fd43:543c to the Yahoo! Server (image three below "image.1-1.jpeg"). The reported user also uploaded other apparent child pornography on the following dates: 9/2/20, 11/8/19, 9/8/20, 12/6/19, 1/16/20, 9/1/20, and 12/6/19. Oath Holdings Inc. (Yahoo!) reported that the user account was disabled and the account was preserved.

5. On October 22, 2020, the National Center for Missing and Endangered Children (NCMEC) researched the reported IPv6 address of "2601:701:c200:ef50:f00e:48dc:fd43:543c" through a public available website called Maxmind. Maxmind provided an approximate GPS location of North Port, Florida. The case was forwarded to the Internet Crimes Against Children Task Force (ICAC) in Central Florida who assigned it to North Port Police Department for further investigation.

6. On November 11, 2020, the North Port Police Department (NPPD) received the cyber tip (79384716). I reviewed the cyber tip and determined that the reported user uploaded seven pictures of child sexual abusive material (CSAM).

7. The first image, "image.4-1.gif", is child sexual abusive material (CSAM). This image is a gif file and is of a prepubescent minor white female torso area laying on a bed. An adult white male is captured with an erect penis ejaculating on the minor's pubic bone area above her genitals. The image is intended to cause sexual stimulation from the viewer.

DISC-14921

8. The second image, "image.125-1.jpeg", is child sexual abusive material (CSAM). The image is of a white female minor standing and wearing a white and red dress. The bottom of the dress is pulled up revealing the minor's genitals and is the focal point of the image. The image is intended to cause sexual stimulation from the viewer.

9. The third image, "image.1-1.jpeg", is child sexual abusive material (CSAM). The image is of a prepubescent minor white female torso area laying on a bed. An adult white male is in the image with an erect penis and semen on the minor's pubic bone area above her genitals. The image is intended to cause sexual stimulation from the viewer.

10. The fourth image, "image.120-1.jpeg", is of a white female clothed. The image is child erotica and not child sexual abusive material (CSAM).

11. The fifth image, "image.97-1.jpeg", is child sexual abusive material (CSAM). The image is of a prepubescent minor white female laying on a bed naked with her legs spread open and semen on her stomach above her genitals. The image is intended to cause sexual stimulation from the viewer.

12. The sixth image, "image.5-1.jpeg", and the seventh image, "image.118-1.jpeg" are of a white female. The pictures are age difficult.

13. I searched the IPv6 address (2601:701:c200:ef50:f00e:48dc:fd43:543c) the image was uploaded with through the American Registry for Internet Numbers (ARIN) and it came back registered to Comcast. An investigative subpoena was executed to Comcast for the IP address. Comcast provided a response with a subscriber of Sara Barnes with a subscriber address of 2575 Rolling Rd. North Port, FL 34288.

14. Based upon the above facts and circumstances, I believe that probable cause exists to search and seize evidence from the Oath Holdings Inc. (Yahoo!) user account "vladlover50@yahoo.com" for the purposes of locating evidence as it relates to F.S.S. 827.071(5) - Possession of Image/Video of Sexual Performance by a Child.

Because the out-of-state electronic communication service or remote computing service provider has no reasonable means to distinguish evidence of the crimes from any other records contained within the sought-after account, your Affiant seeks to compel the service provider to seize a copy of all records pertaining to the account and provide the entirety of the records to your Affiant. Once your Affiant has obtained those records, your Affiant and/or other representatives of his/her agency shall conduct an actual search of the items obtained from the out-of-state electronic communication service or remote computing service provider in order to sort the evidence of the violations articulated above and specifically sought herein, which may be intermingled with innocent or innocuous documents or records.

### BACKGROUND OATH HOLDINGS INC:

Your Affiant seeks to seize records from Yahoo! (Oath Holdings Inc.,) to provide information requested pursuant to an issued search warrant. Information relating to an email provider such as Yahoo! (Oath Holdings Inc.,) can be found in the records possessed by the provider and on computer or mobile device(s) that sent the electronic transmissions. Once your Affiant has obtained those records, your Affiant and/or other representatives of law enforcement shall conduct a search of the items obtained from Yahoo! (Oath Holdings Inc.,) in order to identify the evidence of the crimes articulated above and specifically sought herein.

Through experience and training, your Affiant also knows that Yahoo! (Oath Holdings Inc.,) stores files for their subscribers. These files can be stored as an attachment in an email which was either received, sent, or attempted to be sent in the past, or have been saved. An analysis of these saved files is necessary to the investigating officers in order to further establish evidence of the crime.

Yahoo! (Oath Holdings Inc.,) maintains information about their customers including primary email addresses, secondary email addresses for account password recovery, applications, websites, and services that are allowed to access the user's Yahoo! (Oath Holdings Inc.,) account or use the user's Yahoo! (Oath Holdings Inc.,) account as a password login, and account login activity such as the geographic area the user logged into the account, what type of internet browser and device they were using, and the internet protocol (IP) address they logged in from. The IP address is roughly analogous to a telephone number assigned to a computer by an internet service provider. The IP can be resolved back to a physical address such as a residence or business with Wi-Fi access or residential cable internet. I believe this information will assist in the investigation by identifying previously unknown email accounts and location history information tending to show the movements of the suspect, his mobile device, and/or computers.

I know that Yahoo! (Oath Holdings, Inc.) may not verify the true identity of an account creator, account user or any other person who accesses a user's account using login credentials. For these reason's it is necessary to examine particularly unique identifying information that can be used to attribute the account data to a certain user. This is often accomplished by analyzing associated account data, usage, and activity through communication, connected devices, locations, associates, and other accounts. For these reasons it may be necessary to search and analyze data from when the Yahoo! (Oath Holdings Inc.,) account was initially created to the most current activity.

1. **Calendar - All calendars, including shared calendars and the identities of those with whom they are shared, calendar entries, notes, alerts, invites, and invitees.**

Yahoo! (Oath Holdings Inc.,) offers a calendar feature that allows users to schedule events. Calendar events may include dates, times, notes and descriptions, others invited to the event, and invitations to events from others. I believe this information will identify dates and appointments relevant to this investigation, as well as, identify previously unknown co-conspirators and/or witnesses, and any potential corroborative evidence.

2. **Contacts - All contacts stored by Yahoo! (Oath Holdings, Inc.) including name, all contact phone numbers, emails, social network links, and images.**

When a user links to their Yahoo! Using a tablet or mobile device, the names, addresses, phone numbers, email addresses, notes, and pictures associated with the account may be transferred to the mobile device and vice versa. This process may continuously update so when a contact is added, deleted, or modified using either the Yahoo! (Oath Holdings Inc.,) account or the mobile device the other is simultaneously updated. I believe this information is pertinent to the investigation as it will assist with identifying previously unknown coconspirators and/or witnesses. Docs (Documents)-All documents including by way of example and not limitation, Docs (a web based word processing application), Sheets (a web-based spreadsheet program), and Slides (a web based presentation program.) Documents will include all files whether created, shared, or downloaded.

3. **Yahoo! Mail - All email messages, including by way of example and not limitation, such as inbox messages whether read or unread, sent mail, saved drafts, chat histories, and emails in the trash folder. Such messages will include all information such as the date, time, internet protocol (IP) address routing information, sender, receiver, subject line, any other parties sent the same electronic mail through the 'cc' (carbon copy) or the 'bcc' (blind carbon copy), the message content or body, and all attached files.**

The Yahoo! (Oath Holdings Inc.,) account may be used to send and receive electronic mail messages and chat histories. These messages include incoming mail, sent mail, and draft messages. Messages deleted from Yahoo! (Oath Holdings Inc.,) are not actually deleted. They are moved to a folder labelled Trash and are stored there until the user empties the Trash file. Additionally, users can send and receive files as attachments. These files may include documents, videos, and other media files. I believe these messages would reveal motivations, plans and intentions, associates, and other co-conspirators.

4. **Photos - All images, graphic files, video files, and other media files stored by Yahoo! (Oath Holdings Inc.,) for the listed account.**

Yahoo! (Oath Holdings Inc.,) users may have the option to store, upload, and share digital images, graphic files, video files, and other media files. These images may be downloaded from the Internet, sent from other users, or uploaded from the user's mobile device. I believe a review of these images would provide evidence depicting the suspect, his/her associates and others performing incriminating acts, and victims. I also believe these image files may assist investigators with determining geographic locations such as residences, businesses, and other places relevant to the ongoing criminal investigation.

5. **Location History - All location data whether derived from Global Positioning System (GPS) data, cell site/cell tower triangulation/trilateration, precision measurement information such as timing advance or per call measurement data, and Wi-Fi location. Such data shall include the GPS coordinates and the dates and times of all location recordings from the period** [insert date] **to** [insert date].

DISC-14924

Yahoo! (Oath Holdings Inc.,) may collect and retain location data from user mobile devices. The company may use this information for location based advertising and location based search results. While the specific parameters of when this data is collected are not entirely clear, it appears that Yahoo! (Oath Holdings Inc.,) collects this data whenever one of their services is activated and/or whenever there is an event on the mobile device. I believe this data will show the movements of the suspect's mobile device and assist investigators with establishing patterns of movement, identifying residences, work locations, and other areas that may contain further evidence relevant to the ongoing criminal investigation.

6. **Search History** - **All search history and queries, including by way of example and not limitation, such as World Wide Web (web), images, news, shopping, ads, videos, maps, travel, and finance.**

Yahoo! (Oath Holdings Inc.,) retains a user's search history whether it is done from a mobile device or from a traditional computer. This history includes the searched for terms, the date and time of the search, and the user selected results. Furthermore, these searches are differentiated by the specific type of search a user performed into categories. These categories include a general web search, and specialty searches where the results are focused in a particular group such as images, news, videos, and shopping.

I believe a review of the suspect's search history would reveal information relevant to the ongoing criminal investigation by revealing what information the suspect sought and when he sought it.

For these reasons, I believe probable cause exists to seize and examine the specified records held by Yahoo! (Oath Holdings Inc.,) associated with the account **vladlover50@yahoo.com**. The records to be searched for and seized are more particularly described as;

**RECORDS TO BE SEARCHED AND/OR SEIZED**

Your affiant wishes to search, seize, and analyze the data described below, being stored at Yahoo! (Oath Holdings Inc.,) for any instruments, articles, and/or things which are contraband, or used in the commission of, or may constitute evidence of the offense of **Possession of Child Pornography, in violation of Florida State Statute 827.071.**

1. Account Information - User name, primary email address, secondary email addresses, connected applications and sites, and account activity from creation to 11/24/20, including account sign in locations, browser information, platform information, and internet protocol (IP) addresses;

2. Evidence of user attribution - accounts, e-mail accounts, passwords, PIN codes, account names, user names, screen names, remote data storage accounts, credit card number or other payment methods, contact lists, calendar entries, text messages, voice mail messages, pictures, videos, telephone numbers, mobile devices, physical addresses, historical GPS locations, two-step verification information, or any other

DISC-14925

   data that may demonstrate attribution to a particular user or users of the account(s).

3. Calendar - All calendars, including shared calendars and the identities of those with whom they are shared, from creation to 11/24/20, calendar entries, notes, alerts, invites, and invitees;

4. Contacts - All contacts stored by Yahoo! (Oath Holdings Inc.,) including name, all contact phone numbers, emails, social network links, and images;

5. Yahoo! Email - All email messages from [insert date] to [insert date], including by way of example and not limitation, such as inbox messages whether read or unread, sent mail, saved drafts, chat histories, and emails in the trash folder. Such messages will include all information such as the date, time, internet protocol (IP) address routing information, sender, receiver, subject line, any other parties sent the same electronic mail through the 'cc' (carbon copy) or the 'bcc' (blind carbon copy), the message content or body, and all attached files;

6. Photos - All images, graphic files, video files, and other media files stored by Yahoo! (Oath Holdings Inc.,) associated with the listed account;

7. Search History - All search history and queries from creation to 11/24/20, including by way of example and not limitation, such as World Wide Web (web), images, news, shopping, ads, videos, maps, travel, and finance;

   WHEREFORE, your Affiant respectfully requests that a Search Warrant be issued commanding all and singular the Sheriffs and their Deputies, the Director of the Florida Highway Patrol and his Troopers, the Commissioner of the Florida Department of Law Enforcement and his designees, Constables and Municipal Police Officers and State Attorney's Investigators acting within their jurisdiction, with proper and necessary assistance, to search the above described Yahoo! (Oath Holdings Inc.) account in a manner consistent with F.S. S. § 92.605 and California Penal Code §15.24.2, by delivering said warrant via facsimile or U.S. mail to an authorized legal representative of Yahoo! (Oath Holdings Inc.) and to seize any and all of the aforesaid property found by virtue of such Search Warrant and to list the property seized on a return and inventory, to be filed within this Judicial Circuit within ten days of this date.

Det. James Keller #304<br>
Affiant / Signature<br>
Electronic Signature

STATE OF FLORIDA     )
COUNTY OF SARASOTA )

The foregoing instrument was acknowledged before me this 1st day of December, 2020, by the individual whose name and signature appear above, and who is personally known to me and who did take an oath.

<u>Det. Lee Wallace #163</u>
Signature/Electronic Signature
Law Enforcement Officer
Notary Public, State of Florida

STATE OF FLORIDA              )
12TH JUDICIAL CIRCUIT   )   SEARCH WARRANT (OATH HOLDINGS INC)
COUNTY OF SARASOTA    )                      (YAHOO/AOL)

THIS ORDER IS ISSUED PURSUANT TO SECTION 92.605, FLORIDA STATUTES. A RESPONSE IS DUE WITHIN 20 BUSINESS DAYS OF RECEIPT OF THIS ORDER UNLESS A LONGER TIME PERIOD IS STATED HEREIN.

    IN THE NAME OF THE STATE OF FLORIDA, to all and singular the Sheriffs and their Deputies, the Director of the Florida Highway Patrol and his Troopers, the Commissioner of the Florida Department of Law Enforcement and his Designees, the Director of the Florida Fish and Wildlife Conservation Commission and his Officers, and Constables, Municipal Police Officers and State Attorney's Investigators all acting within their jurisdiction;

    WHEREAS, I have received affidavit for search warrant, on this date made before me by the Affiant, Detective/Officer James Keller #304 who has prepared same in his/her capacity as a law enforcement officer; and

    WHEREAS, the stated Detective/Officer having been placed under oath and having sworn to the facts as stated therein, and having examined the said facts set forth in support of said application for search warrant, and the facts contained therein which are now incorporated herein by reference and made a part of this Warrant, and;

    WHEREAS, said facts so made known to me by such affidavit as set forth, have caused me to certify and find that there is probable cause to believe that the laws of the State of Florida relative to the possession and promotion of child pornography has been violated by UNKNOWN PERSON(S) and that evidence of the crime is currently located at or within;

    A user account identified by Username of: **vladlover5@yahoo.com**
From account creation to 11/24/20 at 00:00:00 UTC
which is under the control of:
**Attention: Custodian of Records**
**Oath Holdings Inc.**
**701 First Avenue**
**Sunnyvale, CA 94089**

    THEREFORE, the Court having found that Oath Holdings Inc. (Yahoo/AOL) is an out-of-state corporation that provides electronic communication services or remote computing services to the public and pursuant to Florida Statutes § 92.605 and § 934.23, as well as the United States Code 18 U.S.C. § 2703, and California Statute § 1524.2, a Judge of the Circuit Court of Florida has jurisdiction to issue a search warrant for a Yahoo! (Oath Holdings Inc.) accounts, consequently these presents are to command you, with the proper and necessary assistance, either in the day time or in the night time, as the exigencies of the situation may demand or require or on Sundays, or holidays, to enter the

DISC-14928

said Yahoo! (Oath Holdings Inc.) account described above, and diligently search said account and seize as evidence any of the following:

PROPERTY TO BE PROVIDED BY OATH HOLDINGS INC

- Account Information - User name, primary email address, secondary email addresses, connected applications and sites, and account activity from creation to 11/24/20, including account sign in locations, browser information, platform information, and internet protocol (IP) addresses;

- Evidence of user attribution - accounts, e-mail accounts, passwords, PIN codes, account names, user names, screen names, remote data storage accounts, credit card number or other payment methods, contact lists, calendar entries, text messages, voice mail messages, pictures, videos, telephone numbers, mobile devices, physical addresses, historical GPS locations, two-step verification information, or any other data that may demonstrate attribution to a particular user or users of the account(s);

- Calendar – All calendars, including shared calendars and the identities of those with whom they are shared, from creation to 11/24/20, calendar entries, notes, alerts, invites, and invitees;

- Contacts – All contacts stored by Yahoo! (Oath Holdings Inc.,) Including name, all contact phone numbers, emails, social network links, and images:

- Yahoo! Email – All email messages from creation to 11/24/20, including by way of example and not limitation, such as inbox messages whether read or unread, sent mail, saved drafts, chat histories, and emails in the trash folder. Such messages will include all information such as the date, time, internet protocol (IP) address routing information, sender, receiver, subject line, any other parties sent the same electronic mail through the 'cc' (Carbon copy) or the 'bcc' (Blind carbon copy), the message content or body, and all attached files;

- Photos – All images, graphic files, video files, and other media files stored by Yahoo! (Oath Holdings Inc.,) associated with the listed account;

- Search History – all search history and queries from creation to 11/24/20, including by way of example and not limitation, such as World Wide Web (WEB), images, news, shopping, ads, videos, maps, travel, and finance;

YOU ARE FURTHER DIRECTED to bring the property so seized before a court having jurisdiction to be disposed of and dealt with according to law and make return of your doings under this warrant to me or to my designated clerk, within ten (10) days of the date hereof, and give proper receipts for any property taken hereunder, and deliver a copy of this warrant to the person at whom directed.

GIVEN UNDER MY HAND and seal this day

12/1/2020
DATE

SIGNAT[URE]

12/1/2020 10:06:42 AM

Donna Parker
Circuit Judge