MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO. 8:21-cr-355-WFJ-CPT

GREGORY WILLIAMSON
a/k/a "VLAD VLAD"

## UNITED STATES UNPOPPOSED MOTION FOR USE OF COURTROOM FACILITY DOG

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, hereby requests the Court to allow the use of a courtroom facility or therapy dog during the jury trial in this matter. Defense does not oppose this motion with the specified conditions outlined below.

**I.   Background**

On September 21, 2021, Gregory Williamson a/k/a "VLAD VLAD" was indicted by a federal grand jury for several crimes. Count One charges Williamson with persuading, inducting, enticing, and coercing a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). Count Two, Three, and Four charge Williamson with attempted production or production of child pornography, in violation of 18 U.S.C. § 2251(a). Counts Five, Six, and Seven charge Williamson with distributing child pornography in violation of 18 U.S.C. § 2252(a)(2). And Count Eight charges Williamson with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Doc. 1. Williamson was ordered detained pending trial, which is

scheduled to begin on March 11, 2024. *See* Doc. 15.

At trial, the United States intends to prove the crimes charged in Indictment through, among other evidence, the live testimony of Williamson's then thirteen-year-old stepdaughter ("Victim D.A."). With respect to Count 1, the United States will introduce evidence that Williamson enticed Victim D.A. to engage in sexual activity using the email account vladlover50@yahoo.com. In his emails to Victim D.A., Williamson described (in explicit fashion) the sexual abuse that Williamson wanted to perpetuate on Victim D.A, as well as sex acts that Williamson wanted to coerce Victim D.A. to perform on him. During the investigation, Victim D.A. disclosed multiple instances when Williamson sexually abused her.

With respect to Counts Two, Three, and Four, United States will also introduce evidence that Williamson attempted to produce or did produce child sexual abuse material ("CSAM") of Victim D.A. Indeed, during the forensic review of Williamson's cell phone, law enforcement discovered CSAM images of Victim D.A, that appeared to have been produced using a secret camera. Further investigation revealed that that Williamson had given Victim D.A. a USB charger with a secret camera hidden inside. This camera would, through Wi-Fi technology, transmit nude recordings of Victim D.A. which were produced on the Defendant's cellphone.

To aid in her testimony at trial—which will involve explaining the sexually explicit emails she received, the sexual abuse endured, and the secret camera that was used to capture nude photographs of her—Victim D.A. is requesting the use of a courtroom therapy or facility dog during the trial proceedings.

### III.  Memorandum of Law

The 2004 Crime Victim Rights Act gives federal crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). The CVRA makes clear that these rights are not simply symbolic, but rather are enforceable by use of a writ of mandamus in district court. 18 U.S.C. § 3771(d)(3). Several courts have held that the rights under the CVRA are meaningful and enforceable in many contexts. *United States v. Patkar*, Cr. No. 06-00250, 2008 WL 233062, at *6 (D. Hawaii 2008) (holding that the CVRA "was intended to provide meaningful rights, and not a simple laundry list of aspirational goals as to how the government and courts should treat victims"); see also *United States v. Heaton*, 458 F. Supp. 2d 1271, 1272 (D. Utah 2006) (holding that § 3771(a)(8) requires a court to consider the views of the victim before dismissing an indictment pursuant to Fed. R. Crim. P. 48(a)); *United States v. Turner*, 367 F. Supp. 2d 319, 335 (E.D.N.Y. 2005) (stating that the import of 18 U.S.C. § 3771(a)(8) is "to promote a liberal reading of the statute in favor of interpretations that promote victims' interests in fairness, respect, and dignity.").

Child victims of sexual abuse are afforded additional rights in 18 U.S.C. § 3509 because Congress recognized that testifying in court presents severe challenges for "a person under the age of 18" and who is, or is alleged to be, a victim of sexual abuse. 18 U.S.C. § 3509(a)(2). Section 3509 permits anyone under the age of 18 who is a victim of sexual abuse to testify using alternatives such as two-way closed-circuit television or videotaped deposition. 18 U.S.C. § 3509(b)(1), (2). The law recognizes

3

that a child's fear of testifying may be so great that the child may be altogether incapable of testifying, and that providing live, in-court testimony may cause them to "suffer emotional trauma." 18 U.S.C. § 3509(b)(1)(B)(i) and (ii).

In March 2017, the American Academy of Pediatrics issued a policy statement that testifying in court can make children anxious and therefore impair their ability to speak. According to the policy statement, "studies have clearly established that children experience anxiety surrounding court appearances and that the main fear is facing the defendant. Other fears include being hurt by the defendant, embarrassment about crying or not being able to answer questions and going to jail. The more frightened a child is, the less she is able to answer questions." *See* Exhibit 1, Policy Statement of the American Academy of Pediatrics. The policy statement, citing www.courthousedogs.com, approves of the recent use of facility dogs as a means of reducing stress for testifying children. *Id.*

As one district court aptly put the issue, "[t]herapy dogs may aid sexual assault victims. Benefits include decreased anxiety, reduced blood pressure, lower heart rate, decrease in depression, increased speech and memory functions, and heightened mental clarity. The use of therapy dogs in court is an emerging area of the law and one that has garnered academic attention." *United States v. Jackson*, 535 F.Supp.3d 809, 820 (N.D. Ind. Apr. 22, 2021) (citing Jessica L. Jones, A Canine in the Courthouse? Trust Me, You Need One, 42 Pa. Law. 50 (2020); Emily L. R. Thelwell, Paws for Thought: A Controlled Study Investigating the Benefits of Interacting with a House-Trained Dog on University Students Mood and Anxiety,

4

MDPI Animals J. (Oct. 21, 2019), https://www.mdpi.com/2076-2615/9/10/846; and Casey Holder, Comment, All Dogs Go To Court: The Impact of Court Facility Dogs As Comfort For Child Witnesses on a Defendant's Right to a Fair Trial, 50 Hous. L. Rev. 1155 (2013)).

The Department of Justice strives to use the resources and tools available to protect children subjected to the legal system. 18 U.S.C § 3509 was enacted to protect the rights and privacy of child victims and witnesses, and it provides federal prosecutors with various tools that can be used to lessen the potential harm experienced by a child when having to relive traumatic events. *See* 18 U.S.C. § 3509. "Participating in courtroom or other legal proceedings is arguably one of the most stressful events that most people experience. It is clear that the presence of an appropriately bred and trained dog can significantly reduce the anxiety associated with these experiences, thereby improving the efficiency and quality of the legal process." James C. Ha, PhD, CAAB; see www.courthousedogs.org/legal/dogs-reduce-stress (last visited January 17, 2024).

A district judge in the Middle District of Florida, in Orlando, recently granted the United States motion for use of a therapy dog during a trial involving a minor child sexual abuse victim. *United States v. Durning*, 2023 WL 3931949, June 9, 2023. Overruling the Defendant's objection, the Court noted the research on the benefits of therapy dogs to sexual assault victims and found the use of a facility dog to be equal, if not more, neutral that the use of an adult attendant, which the minor victim is entitled to when testifying. *Id.* at 2.

## III. Argument

As set forth above, Victim D.A. has requested the use of a courtroom therapy or facility dog during her testimony. If the Court authorizes the United States's request, the United States anticipates that, Dayle Urquhart, trained and licensed facility dog handler, and Ms. Urquhart's courthouse facility dog, Lorne, will join the prosecution team. *See* Exhibit 2, Facility Dog Team ID Card. Lorne is a courthouse facility dog and is certified by Canine Companions for Independence. *See* Exhibit 3, Certificate of Graduation. Ms. Urquhart and Lorne adhere to the "Courthouse Dogs Foundation-Best Practices." *See* www.courthousedogs.org (last visited January 17, 2024). Both Ms. Urquhart and Lorne have extensive courtroom experience in state court and assisted two victims in a federal trial before the Court last month.

The United States has consulted with defense counsel who does not object to the use of Lorne subject to the condition that the dog is not seen by the jury during Victim D.A.'s testimony. To accommodate this condition, the United States requests that the jury be taken out of the courtroom while Victim D.A. is seated in the witness box, with the facility dog at her feet, and again when Victim D.A. and the dog exit the courtroom following her testimony. The United States also requests that Lorne's handler, Ms. Urquhart, be permitted to bring her cellular phone and laptop into the courthouse when her presence is required for Lorne's use due to her occupation and the duration of time anticipated she will be in the courthouse with the victim in this case.

Allowing Victim D.A. the assistance of facility dog Lorne during trial is a small accommodation consistent with the rights of the victim under the CVRA and 18 U.S.C § 3509.

**IV. Conclusion**

For the foregoing reasons, the Court should grant the United States' motion.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:  */s/ Lindsey Schmidt*
Lindsey Schmidt
Assistant United States Attorney
United States Attorney No. 222
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: lindsey.schmidt@usdoj.gov

*/s/ Erin Claire Favorit*
Erin Claire Favorit
Assistant United States Attorney
Florida Bar No. 104887
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:  (813) 274-6000
Facsimile:  (813) 274-6358
E-mail: erin.favorit@usdoj.gov

U.S. v. Gregory Williamson				CASE NO. 8:21-cr-355-WFJ-CPT

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Bjorn Brunvand, Esq.