UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:21-cr-355-WFJ-CPT

GREG WILLIAMSON
a/k/a "VLAD VLAD"

_____

COURT'S INSTRUCTIONS
TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

In these charges, the Court has reviewed the pertinent parts of federal and state statutes (or laws) which are alleged to have been violated.  Where a statute specifies several alternative ways in which an offense may be committed, the indictment may allege the several ways in the conjunctive, that is, by using the word "and;" therefore, if only one of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as the jury agrees unanimously as to at least one of the alternatives.

The indictment charges eight separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that the Defendant knowingly persuaded, induced, enticed, or coerced an individual under the age of 18 to engage in sexual activity and attempted to knowingly persuade, induce, entice, or coerce an individual under the age of 18 to engage in sexual activity.

Counts Two, Three, and Four charge that the Defendant did attempt to and did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported, and transmitted using any means and facility of interstate and foreign commerce.

Counts Five, Six, and Seven charge that the Defendant did knowingly distribute a visual depiction of a minor engaged in any sexually explicit conduct using any means and facility of interstate and foreign commerce, and that has been shipped and transported in and affecting interstate and foreign commerce.

Count Eight charges that the Defendant did knowingly possess a matter, which contained a visual depiction of a minor engaged in any sexually explicit conduct that had been shipped or transported using any means and facility of interstate and foreign commerce.

### Coercion and Enticement of a Minor
### to Engage in Sexual Activity
### 18 U.S.C. § 2422(b)
### (COUNT ONE)

It's a Federal crime for anyone, using means of interstate commerce, including transmissions by cellphone or by computer on the Internet, to persuade, induce, entice, or coerce, or attempt to persuade, induce, entice, or coerce, anyone under 18 years old to engage in any sexual activity for which any person could be charged with a criminal offense.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)    the Defendant knowingly persuaded, induced, enticed, or coerced, or attempted to persuade, induce, entice, or coerce, D.A., to engage in sexual activity, as charged;

(2)    the Defendant used a cellphone or a computer on the Internet to do so;

(3)    when the Defendant did these acts, D.A. was less than 18 years old; and

(4)    one or more of the individual(s) engaging in the sexual activity could have been charged with a criminal offense under the law of Florida.

So the Government must prove that one or more of the individuals engaging in the sexual activity could have been charged with a criminal offense under the laws of Florida.

As a matter of law the following acts are crimes under Florida law: Lewd or Lascivious Battery, in violation of Fla. Stat. § 800.04(4)(a)1 and 2; Sexual Battery

upon a Child (12 years or older but younger than 18 years) by a Person with Familial or Custodial Authority, in violation of Fla. Stat. § 794.011(8)(b).

Pursuant to Fla. Stat. 800.04(4)(a)1, an individual commits lewd or lascivious battery by engaging in sexual activity with a person 12 years of age or older but less than 16 years of age.

Pursuant to Fla. Stat. 800.04(4)(a)2, an individual commits lewd or lascivious battery by encouraging, forcing, or enticing any person less than 16 years of age to engage in sadomasochistic abuse, sexual bestiality, prostitution, or any other act involving sexual activity.

"Sexual activity" means the oral, anal, or female genital penetration by, or union with, the sexual organ of another or the anal or female genital penetration of another by any other object; however, sexual activity does not include an act done for bona fide medical purpose.

Pursuant to Fla. Stat. 794.011(8)(b), an individual who is in a position of familial or custodial authority to a person less than 18 years of age commits a sexual battery if that individual engages in any act with that person while the person is 12 years of age or older but younger than 18 years of age which constitute sexual battery.

"Sexual battery" means oral, anal, or female genital penetration by, or union with, the sexual organ of another or the anal or female genital penetration by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.

11

As used in this instruction, "induce" means to stimulate the occurrence of or to cause.

A cellphone or the Internet is a facility of interstate commerce.

**Sexual Exploitation of Children**
**Producing Child Pornography**
**18 U.S.C. § 2251(a)**
**(COUNTS TWO, THREE, AND FOUR)**

It's a Federal crime for any person to employ, use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct, or attempt to employ, use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct, if the person knows or has reason to know that the visual depiction will be transported using any means and facility of interstate or foreign commerce, or the person knows or has reason to know that the visual depiction will be transported and transmitted in and affecting interstate and foreign commerce, or the visual depiction was produced and transmitted using materials that had been mailed, shipped, or transported in and affecting interstate and foreign commerce by any means, including by computer, or the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce, or the visual depiction was actually transported and transmitted in and affecting interstate and foreign commerce.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)    an actual minor, that is, a real person who was less than 18 years old, was depicted;

(2)     the Defendant attempted to and did employ, use, persuade, induce, entice, or coerce the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct

(3)     either (a) the Defendant knew or had reason to know that the visual depiction, e.g., digital image would be transported or transmitted using any means or facility of interstate or foreign commerce; (b) the Defendant knew or had reason to know the visual depiction, e.g., digital image would be transported or transmitted in or affecting interstate or foreign commerce (c) the Defendant knew or had reason to know the visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; or (d) the Defendant knew or had reason to know the visual depiction was actually transported or transmitted in or affecting interstate or foreign commerce.

The term "interstate or foreign commerce" means the movement of a person or property from one state to another state or from one state to another country. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States. It is not necessary for the Government to prove that the Defendant knew that the visual depiction or the materials used to produce the visual depiction had moved in interstate or foreign commerce.

The term "minor" means any person who is less than 18 years old. The term "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

14

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high-speed data-processing device performing logical, arithmetic, or storage functions, and includes any data-storage facility or communications facility directly related to or operating in conjunction with that device, but the term does not include an automated typewriter or typesetter, a portable hand-held calculator, or similar devices that are limited in function to only word-processing or mathematical calculations.

The term "visual depiction" includes data stored on a computer disk or by any other electronic means that can be converted into a visual image.

The term "sexually explicit conduct" means actual or simulated:

- sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

- bestiality;

- masturbation;

- sadistic or masochistic abuse; or

- lascivious exhibition of the genitals or pubic area of any person.

"Lascivious exhibition" means indecent exposure of the genitals or pubic area, usually to incite lust.  Not every exposure is a lascivious exhibition.

To decide whether a visual depiction is a lascivious exhibition, you must consider the context and setting in which the genitalia or pubic area is being displayed. Factors you may consider include:

15

- the overall content of the material;

- whether the focal point of the visual depiction is on the minor's genitalia or pubic area;

- whether the setting of the depiction appears to be sexually inviting or suggestive – for example, in a location or in a pose associated with sexual activity;

- whether the minor appears to be displayed in an unnatural pose or in inappropriate attire;

- whether the minor is partially clothed or nude;

- whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity; and

- whether the depiction appears to have been designed to elicit a sexual response in the viewer.

This list is not exhaustive, and an image need not satisfy any single factor to be deemed a lascivious exhibition. Instead, these factors are meant to guide you in determining whether the depiction is a lascivious depiction of the genitalia or pubic area as you consider the overall content of the material. It is for you to decide the weight or lack of weight to be given to any of these factors.

Attempt:

The defendant can be found guilty of an attempt to commit the offense set forth in Counts Two, Three, and Four only if both of the following facts are proved beyond a reasonable doubt:

16

First:        That the defendant knowingly intended to commit the crime of child pornography production; and

Second:        The defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

A "substantial step" is an important action leading up to the committing of an offense — not just an inconsequential act. It must be more than simply preparing. It must be an act that would normally result in committing the offense.

17

### Distributing Material Involving
### Sexual Exploitation of Minors
### 18 U.S.C. § 2252(a)(2)
### (COUNTS FIVE, SIX, AND SEVEN)

It's a Federal crime to knowingly distribute any visual depiction that has been shipped or transported in interstate or foreign commerce by any means, including by computer, when the visual depiction was produced by using a minor engaging in sexually explicit conduct and depicts the conduct.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)    the Defendant knowingly distributed a visual depiction;

(2)    the depiction was distributed using any means and facility or interstate or foreign commerce, or the depiction was shipped or transported in and affecting interstate or foreign commerce by any means;

(3)    producing the visual depiction involved using a minor engaged in sexually explicit conduct;

(4)    the depiction is of a minor engaged in sexually explicit conduct; and

(5)    the Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

To "distribute" something simply means to deliver or transfer possession of it to someone else, with or without any financial interest in the transaction.

"Minor" means any person younger than 18 years old.

"Interstate or foreign commerce" is defined at page 14 above.

18

The term "computer" is defined at page 15 above.

The term "sexually explicit conduct" is defined above at page 15.

For "lascivious exhibition," I have defined this term for you above at page 15–16.

### Sexual Exploitation of Minors
### Possession of Child Pornography
### 18 U.S.C. § 2252(a)(4)(B)
### (COUNT EIGHT)

It is a Federal crime or offense for any person to knowingly possess any matter containing visual depictions, which have been produced using materials which have been shipped and transported in or affecting interstate or foreign commerce, if the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and if the visual depictions are of such conduct.

The Defendant can be found guilty of this crime only if all of the following facts are proved beyond a reasonable doubt:

(1)    That the Defendant knowingly possessed a matter containing visual depictions;

(2)    the depiction had been (a) shipped and transported using any means and facility of interstate or foreign commerce, or (b) shipped or transported in and affecting interstate and foreign commerce, or (c) that had been produced using materials which had been shipped or transported using any means and facility of interstate and foreign commerce, or (d) produced using materials that had been shipped or transported in and affecting interstate and foreign commerce, by any means;

(3)    producing the visual depiction involved using a minor engaged in sexually explicit conduct;

(4)  the depiction is of a minor engaged in sexually explicit conduct;

(5)  the defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct; and

(6)  at least one of the visual depictions involved a prepubescent minor.

The term "prepubescent" means relating to or in the period preceding puberty, and generally lacking adult sexual characteristics such as body hair and breast development.

## On or About; Knowingly; Willfully - Generally

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.